UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CHARLES R. DUDLEY,

        Plaintiff,                Case No. 1:11-cv-447

v.                                    Honorable Gordon J. Quist

T. FUQUA et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

### Factual Allegations

Plaintiff is incarcerated in the Carson City Correctional Facility. In his *pro se* complaint, he sues the Michigan Department of Corrections (MDOC), Assistant Deputy Warden T. Fuqua and library worker A. Plattie.

On August 31, 2010, Plaintiff was convicted of a major misconduct for substance abuse (tobacco product) and given a sanction of seven days' loss of privileges. (*See* Major Misconduct Hearing Report, Docket #1-1, Page ID#8.) Plaintiff sought rehearing, which was denied on October 13, 2010. (*See* Request for Rehearing, Docket #1-1, Page ID#9.) Plaintiff had until December 13, 2010 to appeal the misconduct conviction in the state circuit court. On November 30, 2010, Plaintiff refused a direct order to return to his cell because he needed time in the law library to prepare his appeal. Plaintiff received a misconduct ticket for disobeying a direct order and was sent to segregation. (*See* Major Misconduct Hearing Report, Docket #1, Page ID#10.)

On December 2, 2010, Plaintiff sent a library request form to Defendant Plattie for a "Petitioner for Judicial Review." On December 6, Plaintiff saw Defendant Fuqua at a Security Classification review and Fuqua assured Plaintiff that he would make his filing deadline. Plaintiff sent a second kite to Defendant Plattie on December 7. Plaintiff was called out to the library on December 11. It appears that Plattie provided Plaintiff with a form to appeal his misconduct at that time, but refused to make a copy of the form because forms do not qualify for legal copy loans under MDOC policy. (*See* MDOC Policy Directive 05.03.116(L) ("Funds shall not be loaned . . . for copying a document which can otherwise be reproduced by the prisoner . . . .")). According to the copy request, Plaintiff requested one copy of a fifteen-page form. (*See* Legal Photocopy Disbursement Authorization, docket #1-1, Page ID#13.)

Plaintiff claims that as a result of Plattie's delay in providing the form for judicial review and refusal to make a copy of the form, Plattie caused him to miss the filing deadline in violation of his First Amendment right of access to the courts. For relief, Plaintiff seeks damages of $5,500 and expungement of the two misconduct convictions.

**Discussion**

I. <u>Immunity</u>

As an initial matter, Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. Mar. 12, 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the MDOC must be dismissed.

II. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. **Defendant Fuqua**

With regard to Defendant Fuqua, Plaintiff alleges only, "[O]n 12/6/10 I seen the Security Classification Board which consisted of Assistant Deputy Warden T Fuqua and Resident

Unit Manager Mr. Dunigan who assured me that I would be able to make my deadline." (Compl., Docket #1, Page ID#3.) Plaintiff does not allege that he had any further communication with Fuqua regarding his filing deadline or that Fuqua played an active role in preventing him from timely filing his misconduct appeal in the state court. Fuqua may not be held liable for the unconstitutional conduct of his subordinates under a theory of respondeat superior or vicarious liability. *See Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendant Fuqua engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against him.

B.     **Defendant Plattie**

Plaintiff claims that as a result of Plattie's delay in providing the form for judicial review and refusal to make a copy of the form, Plattie caused him to miss the filing deadline in violation of his First Amendment right of access to the courts. It is clearly established that prisoners have a constitutionally protected right of access to the courts under the First and Fourteenth Amendments. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prison officials have a two-fold duty to protect a prisoner's right of access to the courts. *McFarland v. Luttrell*, No. 94-6231, 1995 WL 150511, at *3 (6th Cir. Apr. 5, 1995). First, they must provide affirmative assistance in the

preparation of legal papers in cases involving constitutional rights, in particular criminal and habeas corpus cases, as well as other civil rights actions relating to the prisoner's incarceration. *Id.* (*citing Bounds*, 430 U.S. at 824-28). Second, the right of access to the courts prohibits prison officials from erecting any barriers that may impede the inmate's accessibility to the courts. *Id.* (*citing Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992)). In order to state a viable claim for interference with his access to the courts, a plaintiff must show actual injury to pending or contemplated litigation. *See Lewis*, 518 U.S. at 349; *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000.

The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct [criminal] appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous). A plaintiff need not demonstrate that the underlying claim would have been successful; instead, deprivation of an "arguable (though not yet established) claim" is sufficient. *Lewis*, 518 U.S. at 353 n.3.

Assuming an appeal of a misconduct charge is a type of case protected by right of access to the courts, Plaintiff cannot show that he suffered actual injury as the result of Defendant

Plattie's conduct. Plaintiff does not allege that he was required to file his petition for judicial review on a form. Even if a form was required by the state circuit court, Defendant Plattie provided Plaintiff with a form two days before the filing deadline. Plattie denied Plaintiff's request for a copy of the form in accordance with MDOC policy because it was something that Plaintiff could reproduce himself. The Sixth Circuit has repeatedly held that the constitutional right of access to the courts does not entitle prisoners to unlimited access to photocopying machinery. *See*, *e.g.*, *Bell-Bey, v. Toombs*, No. 93-2405, 1994 WL 105900 (6th Cir. Mar. 28, 1994) ("the law is settled that an inmate does not enjoy a federal constitutional right to unlimited free photocopying services"); *Hawk v. Vidor*, No. 92-2349, 1993 WL 94007, *1 (6th Cir. Mar. 31, 1993) ("the right to have access to the courts is not interpreted as requiring unlimited access to photocopiers"). Plaintiff does not allege that he was unable to fill out a second form or copy the form by hand. Had Petitioner made the copy himself and submitted the petition for judicial review for mailing on December 11, it very likely would have reached the state circuit court by December 13. Because Plaintiff failed to diligently pursue his misconduct appeal by making his own copy, Petitioner cannot show that Defendant Plattie's conduct resulted in actual injury. Accordingly, Plaintiff fails to state a claim against her.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the

$455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

       This is a dismissal as described by 28 U.S.C. § 1915(g).

       A Judgment consistent with this Opinion will be entered.


Dated:  August 11, 2011                                      /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE